Eva Lotspeich ZAPPIA, as an
individual and as trustee for her
children *v*. Arthur F. GARNER et al

76-6                                      536 S.W. 2d 714

Opinion delivered May 24, 1976

*Loyd Harper,* for appellant.

*Murphy, Blair, Post & Stroud,* for appellee.

CONLEY BYRD, Justice. Appellant Eva Lotspeich Zappia, as an individual and as trustee for her children, brought this action against appellees Arthur F. Garner and Inez Gasperson to cancel a mining lease for breach of an implied warranty to search and develop the mineral rights under the lease. From a decree in favor of appellees comes this appeal.

The record shows that in 1953 appellant's mother executed a mineral lease to appellee Arthur F. Garner covering some 1100 acres. The lease gave to Garner, as lessee, a:

"7/8 interest in and to all of the oil and gas, (1/8 barrel royalty), the iron, lead, zinc and manganese, ore mining there will be a royalty of 25 cents per long ton paid to Lessor and 5 cents a ton on all limestone produced in and under and that may be produced from . . . lands situated in Sharp County, State of Arkansas . . . "

Garner testified that in 1953 or 1954 he sunk a 20 foot shaft into the property and hired a driver to carry three or four car loads of iron ore to Williford for shipment to Birmingham, Alabama. In 1956 or 1957 he went on the property to take some limestone samples. After his conveyance to appellee Inez Gasperson and her husband, now deceased, in 1965, he referred all persons interested in the minerals to the Gaspersons. Inez Gasperson testified that she and her husband had had several people look at the property, but nothing had been done to develop the minerals.

The rule with respect to the implied warranty is set forth in *Millar v. Mauney,* 150 Ark. 161, 234 S.W. 498 (1921), as follows:

". . . In the construction of mineral leases such as is involved in this case, the authorities uniformly hold that there is an implied obligation on the part of the lessee to proceed with the search and also with the development of the land with reasonable diligence according to the

usual course of such business, and that a failure to do so amounts in effect to an abandonment and works a forfeiture of the lease.

. . .

". . . The reason for the rule is that where the lessor receives as royalty or rental a certain percentage of the output of the lands as his only compensation for their use by the lessee for exploration and development, when such work ceases, his compensation ends, and the consideration for the lease fails. In such contracts the lessee usually expressly undertakes, as was the case here, to 'diligently and faithfully prosecute the work of development,' and, if there is no express covenant to that effect, as we have seen, such a covenant will be implied from the very nature of the contract. Unless it is otherwise provided in the lease, it is always in the contemplation of the parties to such a contract that the lessee is able, financially and in every other way, to perform his undertakings in the time and manner specified in the contract. If, after a reasonable time, he fails to begin and to continue the work of development and exploration provided in the contract, but nevertheless holds possession and exercises control over the leased lands for promotion purposes or financial exploitations, he has by such conduct worked a forfeiture of his rights under the lease and may thereafter be treated as having abandoned his contract and as holding the land as a trespasser adversely to the lessor. In other words, the lessee under such a contract will not be allowed to speculate upon the chance of being able at some indefinite and unreasonable time in the future to begin and to continue the work of exploration and development required of him under the covenants of his contract."

From the foregoing authority it readily appears that the trial court erred in not holding that the appellees had forfeited and abandoned the mineral lease.

Appellees suggest that appellant is estopped by laches to

assert the forfeiture and abandonment at this late date. We find no merit to this contention because the burden of performance was upon appellees under the implied obligation.

Neither do we find any merit in appellees' suggestion that they should be given an additional period, in any event, to develop the minerals. In the first place, they showed no present ability to develop any of the minerals. Furthermore, as pointed out in *Millar* v. *Mauney, supra,* the law frowns upon the chance speculation by a lessee that in the indefinite future he may be able to begin exploration and development.

Reversed and remanded for entry of a decree not inconsistent herewith.